UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00326-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| JOHN WINTON HARRIS, | |
| Defendant. | |

Defendant John Winton Harris ("Defendant") was convicted by a jury for Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). He was sentenced on January 15, 2015, to two hundred and sixty-two (262) months of imprisonment. Presently before the Court is Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 252. The Government opposes Defendant's request. ECF No. 261. For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in January 2032. More specifically, according to Defendant, his "diagnoses of asthma, sickle cell anemia, and history of tuberculosis make him highly vulnerable to [COVID-19]." ECF No. 252, at 8-9. Furthermore, "given his medical history, continued incarceration at FCI Lompoc

places [Defendant] at an extraordinary risk of death or serious injury, and such risk warrants a reduction in [Defendant's] sentence." Id. at 2.  Even having considered his medical issues, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

///

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. Defendant bears the burden of showing he is consequently entitled to relief, United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020), and he has not met that burden here.

Having presided over this case for years, including through trial and sentencing of this Defendant, the Court is intimately familiar with both this individual and the facts of this case. As a result, after consideration of the foregoing, including the factors under 18 U.S.C. § 3553(a), it absolutely agrees with the Government that, even assuming Defendant's medical conditions were sufficient to qualify him for consideration for release, which the Court does not address, such release would be inappropriate because he is a danger to the community.

In the years following his conviction, Defendant has shown both a lack of remorse and extremely threatening behavior. Defendant has sent numerous letters to the U.S.

Attorney's Office in which "he disclaims responsibility for his conduct, admits to having committed multiple—more heinous—crimes, for which he was never arrested, and threatens the lives of the prosecutors, the judge, and the wider population, including, specifically, children." Gov. Opp. at 4; see Gov. Exh. 1.  The language in these letters is quite disturbing, with Defendant promising to kill innocent people and vowing that the Court and attorneys involved in his case will pay for what they did to him.  See, e.g., Gov. Exh. 1, at 5, 8, 14.  The Court itself has experienced Defendant's violent nature firsthand when Defendant was removed from the courtroom during the March 31, 2017 evidentiary hearing after becoming physical and wishing death upon the Court.  See ECF No. 188, at 64-68.

      Defendant's animosity and threatening behavior also extends to persons closest to him as he has "a proven history of domestic abuse and violence toward those in his most intimate circles, including his romantic partners and at least one child."  Gov. Opp. at 16.  This is especially worth noting since Defendant proposes to live with his mother and brother should he be released.  Def.'s Mot. at 15.  In fact, the events leading to Defendant's arrest for the crime underlying this case began with a 911 call in which Defendant was seen grabbing and throwing his estranged wife by the hair in an apartment complex parking lot.  Gov. Opp. at 2.  All of the foregoing leaves no room for doubt that this Defendant remains a danger to society.

      Having found that Defendant is a danger to the community and having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release would be inappropriate.  Defendant's Emergency Motion for Compassionate Release (ECF No. 252) is thus DENIED.

      IT IS SO ORDERED.

Dated:  September 14, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE